**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Janelle Lynn Khamvongsa, | Case No. 2:25-cv-01742-CDS-BNW |
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| CSL Plasma, et al., | |
| Defendants. | |

Pro se plaintiff filed an application to proceed *in forma pauperis* and a complaint. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted. This Court now screens her complaint.

**I.    ANALYSIS**

**A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the complaint

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

A case in federal court based on diversity of citizenship requires a disclosure statement from each party that names and identifies the citizenship of that party, or entity whose citizenship is attributed to that party, at the time the complaint is filed (and, if applicable, when the case was removed to federal court). Fed. R. Civ. P. 7.1(a)(2). For a corporation, citizenship is determined by its state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). A corporation's principal place of business is its "nerve center," which is not necessarily its

headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("[I]n practice [the 'nerve center'] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."). "A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (*quoting Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) (emphasis added). Moreover, "[i]f even one of [an LLC's] members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered." *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011). The court must "trac[e] through however many layers there may be" to ensure the citizenship of every partner or member is accounted for in the court's jurisdictional analysis. *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020). "Diversity jurisdiction depends on the citizenship of all of the members of the LLC and may be destroyed if any owner or member" of any layer of an unincorporated entity on one side has the same citizenship as a party on the other side. *Holden v. Fluent, Inc.*, No. 20-cv-03816-JCS, 2020 WL 6822914, at *1 n.3 (N.D. Cal. Nov. 20, 2020).

A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that she is a plasma donor with CSL Plasma. According to Plaintiff, CSL Plasma entered into an agreement with Paysign Card Services for purposes of paying for plasma donations. In essence, it appears that the payment Plaintiff (and others) receive for donating plasma is provided via a Paysign card loaded with a specified, prearranged amount. But Plaintiff alleges that Paysign charges fees for all kinds of things, which in turn diminishes the net balance on card. These fees were not explained to Plaintiff, nor did she agree to them. Accordingly, Plaintiff filed this lawsuit alleging a breach of the contract (as well as other causes of actions).

//

//

### 1. Jurisdiction

Plaintiff alleges that she is a citizen of Nevada. But there isn't much information regarding the defendants other than the allegation that Paysign operates in Pennsylvania. Without more, it is impossible to determine whether there is full diversity in this case. Here, Plaintiff does not allege facts sufficient to invoke the Court's jurisdiction.

In addition, it is not clear how the amount in controversy exceeds the $75,000 minimum that would give the Court jurisdiction over this matter. Plaintiff lists a variety of different categories (some which are questionable) but does not provide much explanation as to how her damages exceed $75,000. "Conclusory allegations as to the amount in controversy are insufficient" to establish jurisdiction. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090–91 (9th Cir. 2003). In addition, while it is not the purpose of a screening order to assess the merits of a claim for punitive damages, it is relevant to note that party in Nevada may not recover punitive damages resulting from a breach of contract. *S.J. Amoroso Const. Co. v. Lazovich and Lazovich*, 810 P.2d 775 (Nev. 1991). As such, the amount Plaintiff lists for punitive damages does not factor into the calculation to determine the amount in controversy.

### 2. Causes of actions without supporting facts

While Plaintiff lists a variety of causes of actions on page seven of her complaint, she only details the breach of contract claim. A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### 3. Role of PaySign in breach of contract

Lastly, this Court notes that it is not clear how PaySign breached any contractual duties toward Plaintiff as her contract, apparently, was only with CSL.

### 4. Amendment

If Plaintiff chooses to amend, she must read this order carefully and address the current deficiencies. This includes: listing the information to establish the citizenship of each defendant,

providing specifics regarding the amount in controversy, providing supporting facts as to each cause of action she wishes to include in her complaint, and specifying how Paysign breached an agreement with Plaintiff (was there any agreement?).

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if Plaintiff files an amended complaint, each claim and the involvement of each specific defendant must be alleged sufficiently. The Court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

Lastly, Plaintiff is advised that, should there not be jurisdiction in federal court, she can always file a complaint in Nevada state court.

## II.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice and with leave to amend. **If Plaintiff chooses to file an amended complaint, she must do so by October 23, 2025, or this Court will recommend that her case be dismissed.**

DATED: September 19, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE