UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Janell Lynn Khamvongsa,

          Plaintiff

v.

CSL Plasma, et al.,

          Defendants

Case No. 2:25-cv-01742-CDS-BNW

**Order Denying Plaintiff's Appeal and Affirming Magistrate Judge's Order, and Denying as Moot Plaintiff's Motion to Amend**

[ECF Nos. 3, 9, 10]

      In this breach of contract case, pro se plaintiff Janell Lynn Khamvongsa sues CSL Plasma and PaySign Card Services, alleging that the compensation provided in exchange for plasma is falsely advertised and grossly reduced by fees. Because she is proceeding *in forma pauperis*, her pleading was screened. Order, ECF No. 3. The magistrate judge found that Khamvongsa does not allege facts sufficient to invoke jurisdiction so "it is impossible to determine whether there is full diversity in this case." *Id.* at 4. The magistrate judge further found that Khamvongsa's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure as it "lists a variety of causes of actions on page [six] of her complaint, [but] she only details the breach of contract claim." *Id.* The magistrate judge explains that it is unclear how PaySign breached any contractual duties as her "contract, apparently, was only with CSL." *Id.*

      The magistrate judge then dismissed all of Khamvongsa's claims with leave to file an amended complaint by October 23, 2025, thereby giving her an opportunity to cure the defects in her complaint. *Id.* at 4–5. Khamvongsa now appeals Judge Weksler's order.[1] Mot., ECF No. 10. Specifically, she argues that the "order was entered prematurely and without review of any evidentiary exhibits" and thus, the screening was an "incomplete evaluation." *Id.* at 2.

---

[1] Khamvongsa filed this as a motion to vacate Magistrate Judge Brenda Weksler's order as clearly erroneous and contrary to law, so I construe this as an appeal of the magistrate judge's order.

## I. Legal standard

"A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). An "order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (cleaned up). Under this district's local rules, a party may appeal a magistrate judge's ruling on a pretrial matter by filing written objections. LR IB 3-1(a); Fed. R. Civ. P. 72(a). "The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

## II. Discussion

Khamvongsa's first objection suggests an insufficient review of the complaint because the magistrate judge's screening was too timely (the order was entered three days after Khamvongsa's filing). ECF No. 10 at 2. However, Judge Weksler did not err simply by reviewing Khamvongsa's complaint as soon as practicable after docketing. Judge Weksler's order provides a detailed and appropriate analysis properly dismissing Khamvongsa's complaint because it fails to meet the threshold requirement of "giv[ing] the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Khamvongsa's objection on this ground is overruled, so her appeal is denied.

Khamvongsa's next argues that her exhibits were not addressed. ECF No. 10 at 2. She asks that I remand the order for "proper review of the original complaint and all attached exhibits." *Id.* I disagree that Khamvongsa's complaint was not properly reviewed. Judge Weksler notes that Khamvongsa "lists a variety of causes of actions on page [six] of her complaint" without details. ECF No. 3 at 4. Although Khamvongsa provides two and a half pages of facts, her first cause of action merely states "Non-disclosure of real compensation with no alternative

pay source. See attached exhibits 1."[2] ECF No. 4 at 5. A plaintiff may not rely on exhibits to state a claim against a defendant in lieu of alleging facts in the complaint. *See Hammler v. Imada*, 2021 U.S. Dist. LEXIS, 151212, at *4 (S.D. Cal. Aug. 11, 2021) (screening an IFP complaint and acknowledging that when deciding whether to dismiss the complaint for failing to state a claim, the court is generally bound by the facts and allegations contained within the four corners of the complaint) (internal citation omitted). "But, if the plaintiff has supplemented the complaint by attaching documents, the court may consider these documents as part of the complaint when determining whether the plaintiff can prove the allegations asserted in the complaint." *Id.* (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)). Here, Khamvongsa's appeal does not instill in the court "a definite and firm conviction that a mistake has been committed." *Security Farms*, 124 F.3d at 1014. Therefore, this argument fails, her objection on this ground is overruled, so her appeal on this ground is also denied. Contrary to Khamvongsa's assertions, Judge Weksler's order is neither clearly erroneous nor contrary to law, it is thus affirmed in its entirety.

### III. Amendment

Although Judge Weksler granted Khamvongsa leave to amend her complaint, Khamvongsa still filed a motion seeking leave to amend. Mot., ECF No. 9. Because Judge Weksler already granted Khamvongsa an opportunity to cure the deficiencies, and Federal Rule of Civil Procedure 15(a)(2) advises courts to freely give leave to amend pleadings when justice so requires, I sua sponte extend the deadline for Khamvongsa to file an amended complaint if she so chooses. Khamvongsa has until November 13, 2025, to file a first amended complaint that complies with Rule 8. As such, her motion for leave to amend is denied as moot.

If Khamvongsa chooses to amend, she must address the deficiencies identified by the magistrate judge. *See* ECF No. 3. This includes, but is not limited to, establishing federal jurisdiction by listing the citizenship information of each defendant and providing specifics

---

[2] Khamvongsa's remaining causes of action are equally lacking. ECF No. 4 at 6.

3

regarding the amount in controversy, supporting facts as to each cause of action, the legal theory or statute on which it is based, and who the claim is asserted against.

Khamvongsa is advised that if she files an amended complaint, the original complaint no longer serves any function in this case. Therefore, each claim and the involvement of each specific defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make her amended complaint complete. In other words, the amended complaint must be complete in and of itself without reference to prior pleadings or to other documents. Moreover, although exhibits to complaints are allowed, they are permitted to supplement the claims and cannot alone stand as the basis (or reason) for bringing a claim.

## IV. Conclusion

IT IS HEREBY ORDERED that Khamvongsa's appeal of magistrate judge's order **[ECF No. 10] is DENIED**, therefore Judge Weksler's order **[ECF No. 3] is AFFIRMED in its entirety.**

IT IS FURTHER ORDERED that Khamvongsa's motion to amend **[ECF No. 9] is DENIED as moot**. **Khamvongsa has until November 13, 2025, to file a first amended complaint** that cures the deficiencies identified in the magistrate judge's September 19, 2025, order (ECF No. 3). If she does not file an amended complaint by November 13, 2025, this case will be dismissed without prejudice and without further notice.

Dated: October 30, 2025

_____
Cristina D. Silva
United States District Judge