UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Janell Lynn Khamvongsa,<br><br>            Plaintiff<br><br> v.<br><br>CSL Plasma, et al.,<br><br>            Defendants | Case No. 2:25-cv-01742-CDS-BNW<br><br>**Order Dismissing and Closing Case** |

On October 30, 2025, I denied plaintiff Janell Khamvongsa's appeal of the magistrate judge's order dismissing her complaint without prejudice and with leave to amend. Order, ECF No. 11. In turn, I sua sponte extended the deadline for Khamvongsa to file an amended complaint to November 13, 2025. *Id.* at 3. Khamvongsa was warned that failure to timely file her first amended complaint would result in this case being dismissed without further notice. *Id.* at 4. That extended deadline expired, and Khamvongsa did not file an amended complaint, move for an extension of time, or otherwise respond.

I.    Discussion

 "If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) (citing *Yourish v. Ca. Amplifier*, 191 F.3d 983, 991–92 (9th Cir. 1999)). Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Yet the court may act on its own accord in exercising this authority. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); *see also Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 630–31 (1962) (interpreting the rule to permit courts to dismiss actions sua sponte for a plaintiff's failure to comply with the court's orders).

The Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Yourish*, 191 F.3d at 992 (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* In cases like this one, where a case is delayed by a party's failure to comply with deadlines, the case cannot move forward toward resolution on the merits. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, Khamvongsa has delayed further adjudication of her claims by failing to timely amend her complaint so there is currently no operative complaint on file. This case cannot proceed without Khamvongsa's compliance, and it cannot simply remain idle on the court's docket, unprosecuted.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. Although the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998)). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Laurino*, 279 F.3d at 753. Khavongsa has not

provided an explanation, non-frivolous or otherwise, for her failure to file an amended complaint.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. Khamvongsa was given an opportunity to amend her complaint to cure the deficiencies identified by the magistrate judge, but she failed to do so. Without an operative complaint, the claims cannot be decided on the merits; therefore, I find that the fourth factor is outweighed by the factors in favor of dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citing *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Khamvongsa was provided adequate warning that dismissal would result from noncompliance with the court's orders. *See* ECF No. 3 at 5; ECF No. 7; ECF No. 11 at 4. Khamvongsa's decision not to amend leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative, so the fifth factor favors dismissal.

## II.   Conclusion

Finding that four of the five factors weigh in favor of dismissal, I hereby dismiss this action without prejudice under Fed. R. Civ. P. 41(b). The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: November 20, 2025

_____
Cristina D. Silva
United States District Judge